MARY L. HOLMES, as Executrix of THEODORE L. HOLMES, Deceased, et al., Appellants-Respondents, *v.* STATE OF NEW YORK, Respondent-Appellant. (Claim No. 29801.)

Third Department, July 2, 1953.

*Lewis B. Parmerton* for appellants-respondents.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown* and *Richard H. Shepp* of counsel), for respondent-appellant.

COON, J. In connection with a grade crossing elimination project in the village of Owego, N. Y., the State permanently closed a street leading in the most accessible manner to claimants' feed mill. The State also appropriated a small parcel of claimants' land for which compensation has previously been allowed by the Court of Claims. This appeal involves only consequential damage from loss of business because of the difficulty of access.

When a street is closed, if suitable means of access is not left to an owner of property, he is entitled to damages caused by the closing. (*Egerer* v. *New York Central & Hudson Riv. R. R. Co.,* 130 N. Y. 108; *Holmes* v. *State of New York,* 279 App. Div. 489, 491.)

The evidence overwhelmingly establishes that claimants suffered substantial damage. The only remaining access, after the street closing, was roundabout, narrow, involved difficult turns and meeting places, to which claimants' former customers would not submit.

It was more than inconvenient. The street closing cut off claimants' property from all other and suitable means of access. Upon a remission from this court, after a previous trial (201 Misc. 640, revd. 279 App. Div. 489, 279 App. Div. 958), the Court of Claims has so found. The record sustains the finding.

Claimants also appeal on the sole ground of inadequacy. The record discloses no substantial reason for disturbing the judgment of the trial court in that respect.

The judgment should be affirmed, with costs.

FOSTER, P. J., BERGAN, HALPERN and IMRIE, JJ., concur.

Judgment affirmed, with costs.