Judgment affirmed, with costs. All concur, except Williams and Halpern, JJ., who dissent and vote for reversal on the law and facts and for granting a new trial, in the following memorandum: The trial court’s analysis of the case and of the legal theories applicable thereto was erroneous. There was no de facto taking of the claimant’s milk plant. The principal question was one of consequential damages, alleged to have been caused by interference with the water supply and with highway access to the plant. The State offered to establish a new permanent water line upon property acquired by it and therefore no consequential damages to the milk plant can be allowed for interference with the water supply. The question of whether the relocated road was wholly unsuitable as a means of access should be re-examined. Mere inconvenience is not sufficient as the basis for a claim for damages (Holmes v. State of New York, 279 App. Div. 489, 282 App. Div. 278). (Appeal from a judgment of the Court of Claims for claimant on a claim for appropriation of leased property.)
Present — McCurn, P. J., Kim-ball, Williams, Goldman and Halpern, JJ.