■ MELOON BRONZE FOUNDRY, INC., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 33351.) — Judgment unanimously modified on the law

and facts to fix the amount of the award at the sum of $6,130, and as so modified, affirmed, without costs of this appeal to either party. Certain finding of fact disapproved and reversed and new finding made. Memorandum: There is evidence in the record to sustain the finding that the fair market value of claimant's property before the State deprived it of suitable means of ingress and egress was $80,190. The experts called by claimant at the first trial fixed this figure by finding land value of $25,000 and depreciated value of buildings of $55,190. They further testified the respective values after the deprivation of suitable access was $12,500 for land and $49,060 for buildings for a total of $61,560. The court in substance adopted this testimony and fixed the after value at $63,190. We find that the trial court erred in adopting inferentially the testimony of the experts that the land value was depreciated 50% from $25,000 to $12,500. The sole basis for this reduction, according to the experts, was because the land was not on a through street. The State is not required to respond in damages because claimant's property does not have direct access to Le Moyne Avenue as reconstructed or is not on a through street. (Cf. *Matter of Grade Crossing Comrs.*, 166 N. Y. 69; *Crear* v. *State of New York*, 2 A D 2d 735.) Accordingly, the value of the property after the deprivation of access should be fixed at $74,060 and the award reduced to $6,130. In passing it should be noted that we have not overlooked the State's contention that claimant is entitled to no award because the full width of the highway, as found to exist, extends to within eight feet of the corner of one of claimant's buildings. The court upon both trials recognized this fact and upon the second trial based its award upon a finding that the State in constructing the access road had created a cul-de-sac without providing any reasonable means whereby vehicles could depart therefrom. Thereby claimant was deprived of any reasonable access to its property. (Cf. *Holmes* v. *State of New York*, 279 App. Div. 489; 282 App. Div. 278.) Furthermore, in the event the State had paved and used the entire 66 feet of the highway, claimant, as an abutting owner, would have had the right to use such thoroughfare for turning its vehicles and parking thereon for purposes of loading and unloading so long as it did not unreasonably interfere with other users of the highway. (See generally 10 McQuillan, Municipal Corporations [3d ed.], § 30.54.) The contention of the State is so highly speculative that it should not be adopted to deprive claimant of its found damage. (Appeal from judgment of Court of Claims for claimant on a claim for damages for interference with access to realty by grade crossing elimination.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ . [18 Misc 2d 403.]