Ronald E. Coleman, J.
This claim ivas duly filed on August 1, .1962 and has not been assigned or submitted to any other court or tribunal for audit or determination. Pursuant to section 30 of the Highway Law, the State of New York appropriated a part of claimant’s property located in the Town of Guilder-land, County of Albany, State of New York, by taking a temporary easement to the property described on Map No. 8 as Parcel No. 8, Fuller Road, Town of Guilderland P. S. C. No. 18538. The map was filed in the Albany County Clerk’s Office on August 2, 1960 and we adopt the description as shown thereon.
The State appropriated a temporary easement to relocate Fuller Road and the New York Central Railroad tracks during construction of an underpass on Fuller. Road. In constructing the improvement on Fuller Road, that road was depressed in front of claimant’s property with the result that after the construction claimant no longer has access to Fuller Road from its property. The approach to the underpass began at a point some 50 feet northerly of claimant’s property, and, when it *767 reached its property, was approximately 8 feet below grade. Claimant’s property consisting of 1 acre of land with a frontage of 175 feet on Fuller Road to a depth of 250 feet, had on it a one-story concrete block building which was built in 1952. This building was 50 feet by 140 feet in size, with six 10-foot by 10-foot overhead doors on each side of the building, covered unloading platforms, office space and garage area and contained approximately 7,200 square feet. It was built as a warehouse terminal building for a particular tenant and was suitably designed for the warehousing and transshipping of merchandise. Large trucks could load or unload on two sides of the building and in addition there was land available for parking tractor and trailer equipment.
To the west of claimant’s property was a property owned by the Gerrity Co., Inc., and southerly of claimant’s property bordering the railroad, Sleepy Hollow Co. owned a strip of land 50 feet wide extending along the southerly line of property of Gerrity Co., Inc. and Warfran Corporation. These three corporations are owned by various members of the Gerrity family. The Gerrity Lumber Company occupies all of the land owned by Gerrity Co., Inc. It was suggested on the trial that it might be possible to purchase land westerly of the lumber company from an adjoining property owner on which to construct a road from Railroad Avenue to the 50-foot strip owned by Sleepy Hollow Co., to provide access to the claimant’s property. The type of road suggested with a 90-degree angle turn would not be suitable for large tractor-trailers. On all the evidence we find that claimant’s property no longer has a suitable means of access. (Holmes v. State of New York, 279 App. Div. 489, 282 App. Div. 278.)
On the original trial both the claimant and the State made use of certain comparable sales. As to the before value of claimant’s property the only dispute was over the value of the land, the claimant claiming $61,250 and the State claiming $10,000. Neither expert had analyzed two recent sales of comparable properties in respect to the breakdown as to land and building values. We did not feel that we should attempt to break down these sales as this was a matter for expert opinion. We rescheduled the claim for further proof in respect to the two sales. One sale was immediately next door to claimant’s property, was the same type construction and in fact was built at about the same time as the claimant’s building. By asking the experts to do this we did not intend to give the impression that we were deciding the claim on the reproduction cost, less depreciation, plus land value. We merely were seeking some *768 yardstick by which we could evaluate such a wide variance in expert opinion in respect to land value.
In March of 1964 the Gerrity Lumber Company started using the building on claimant’s property in connection with its operation of its adjoining lumber yard. The best available use of claimant’s property prior to the appropriation was for a truck terminal. The best available use of claimant’s property after the appropriation was for an addition to an adjoining landowner, which in this case was the Gerrity Co., Inc., a corporation owned by the Gerrity brothers, the same owners of Warfran Corporation. The court has viewed the premises.
The fair and reasonable market value of claimant’s property prior to the appropriation was $70,000 and immediately after the appropriation was $23,000. On the proof we are unable to place a value on the taking of the temporary easement. It was not the temporary easement that caused the claimant’s damages but the improvement constructed on Fuller Road. We feel that claimant will be compensated for its loss by taking the difference of the before and after value of its property. Claimant is entitled to an award in the amount of $47,000 as damages herein with interest thereon from August 2, 1960 to February 2, 1961 and from August 1,1962 to the date of entry of judgment herein.
The award to claimant herein is exclusive of the claims, if any, of persons other than owners of the appropriated property, their tenants, mortgagees and lienors having any right or interest in any stream, lake, drainage and irrigation ditch or channel, street, road, highway, or public or private right of way or the bed thereof within the limits of the appropriated property or contiguous thereto; and is exclusive also of claims, if any, for the value of or damage to easements and appurtenant facilities for the construction, operation and maintenance of publicly owned or public service electric, telephone, telegraph, pipe, water, sewer and railroad lines.