James A. Roe, Jr., J.
This is an action for an injunction requiring defendant to remove its bus shelter, which is situate on the sidewalk directly in front of plaintiffs’ property and for damages. The property fronts on Parsons Boulevard, a main thoroughfare on which there is a good deal of bus and pedestrian traffic. The bus shelter, erected in January, 1963, is a large metal and fiber glass structure and the city does not deny that it is intended to be a permanent structure. Plaintiffs move to strike defendant’s answer and to direct that a hearing be held to assess the amount of damages. Defendant cross-moves for summary judgment.
Plaintiffs contend that they have been deprived of light and air. Moreover, they contend that they have been deprived of the right of ingress and egress to their respective properties. The latter contention arises out of the following facts. Plaintiffs made application to the Building Department for curb cuts for the purpose of parking an automobile in front of their respective premises. The applications were approved on April 20 and 21, 1964. It appears, however, that by letter dated November 23,1965, these approvals were revoked on the ground that the use of such curb cuts would endanger pedestrians.
The issue presented is whether plaintiffs are entitled to be compensated for the deprivation of their rights. The defendant argues that the erection of the bus shelter to protect the health, safety and welfare of the traveling public is a proper exercise of its police power and that the damages resulting therefrom are damnum absque injuria.
Although this court is not asked to review the Building Department’s determination and will not do so, it is necessary to discuss that determination lest the issue of ingress and egress become moot. Paragraph 6 of subdivision a of section C26-228.0 of the Administrative Code of the City of New York provides:
*55 “ The superintendent shall refuse a permit to lower any curb or to change the grade of any sidewalk for the purpose of providing a driveway across such curb or sidewalk, when, in his opinion, the actual or intended use of such driveway would endanger pedestrians.” The constitutionality of that section was upheld in Matter of Socony Vacuum Oil Co. v. Murdock (165 Misc. 713). Although the court in the Socony case upheld the total denial of curb cut permits, the recent trend is to deny such permits with a view toward public safety only where there is available a suitable alternative means of access to a public highway. (Matter of Syosset Ind. Bldrs. v. Town of Oyster Bay Highway Dept., 24 A D 2d 763; Matter of Smith v. Gagliardi, 286 App. Div. 873, 2 Misc 2d 1005, affd. 2 A D 2d 698; Merritt Manor Estates v. Village of Elmsford, 30 Misc 2d 935; cf. Sheehan v. Getrost, N. Y. L. J., Jan. 12, 1966, p. 18, col. 5.) It appears that plaintiffs have no other means of ingress and egress. For the purposes of determining this motion, therefore, this court will assume without deciding that plaintiffs would be entitled to curb cuts.
It is well established that “ ‘ The rights of an abutter are subject to the right of [a city] to regulate and control the public highways for the benefit of the traveling public. ’ ” (Cities Serv. Oil Co. v. City of New York, 5 N Y 2d 110, 115.) However, there is a distinction between regulating and eliminating the use of a property right (Chain Locations of America v. County of Westchester, 20 Misc 2d 411, affd. 9 A D 2d 936) and the courts recognize that the power to regulate does not extend to depriving an abutter completely of all access to the street or highway without compensation. (Greeley Sightseeing Co. v. Riegelmann, 119 Misc. 84; Matter of Singer-Kaufman Realty Co., 196 N. Y. S. 480; Story v. New York El. R. R. Co., 90 N. Y. 122; cf. Waldorf-Astoria Hotel Co. v. City of New York, 212 N. Y. 97.)
Thus, in Beck v. State of New York (21 A D 2d 939, 940), the court stated: ‘ ‘ the cases uniformly hold that there can be recovery only if access is destroyed permanently rather than temporarily (Coffey v. State of New York, 291 N. Y. 494; Matter of Culver Contr. Corp. v. Humphrey, 268 N. Y. 26; Cassell v. City of New York, 224 N. Y. 580; Boynton v. State of New York, 28 Misc 2d 12; Hurley v. State of New York, 201 Misc. 200; cf. Selig v. State of New York, 10 N Y 2d 34). The court below handled this issue by holding that the length of inaccessibility here involved amounted to a destruction of access and de facto appropriation thereof. In so holding the court relied heavily on Holmes v. State of New York (279 App. *56 Div. 489, mod. 279 App. Div. 958, 282 App. Div. 278). In Holmes, however, the only access street was in fact completely and permanently closed. * * * the law is clear that without permanent loss of access there is no appropriation, de facto or otherwise.”
The case of King v. Incorporated Vil. of Ocean Beach (207 Misc. 100, 103, affd. 286 App. Div. 850) presents a somewhat analogous situation. An action was commenced to test the constitutionality of an ordinance which prohibited certain property owners from building, enlarging or replacing any structures on their land. The property owners claimed that the ordinance was confiscatory and constituted a taking of private property for public use without just compensation. The defendant contended that this was a proper exercise of police power. The court, granting judgment for the plaintiffs, stated: ‘ ‘ This court is therefore of the opinion that the ordinance is confiscatory and an attempt to accomplish without compensation what may only be done legally through the exercise of the power of eminent domain. The purposes which led to the enactment of the ordinance, though laudable, are not sufficient to warrant the taking of private property without paying for it.”
There can be no question that the bus shelter complained of has effectively eliminated any possible automobile access to plaintiffs’ property. Moreover, it is the opinion of this court that the construction of the bus shelter was not a proper exercise of the police power and that the city should have proceeded in the first instance by the institution of a condemnation proceeding. Since the city failed to so proceed, plaintiffs are entitled to an injunction. (Rothschild v. Interborough R. T. Co., 162 App. Div. 532.)
Since, however, the city may institute proper proceedings to obtain plaintiffs’ property, easements or interest, if any, it would unduly burden the city to require the immediate demolition of the bus shelter. Accordingly, the motion is granted to the extent of striking defendant’s answer and directing that an injunction be issued requiring the removal of the bus shelter unless defendant shall have commenced proceedings to condemn plaintiffs’ property, easements or interests therein, if any, ■proposed to be acquired, within 60 days after service of a copy of the order to be entered hereon with notice of entry. The cross motion is denied.