Edward S. Conway, J.
This is an article 78 proceeding brought by the petitioners for an order to compel the State with respect to a certain parcel of land owned by them to: (1) maintain the traveled portion of said parcel as a highway *733 by paving, snow plowing and cleaning the same; and/or (2) abandon the subject parcel; and/or (3) close the said parcel as to traffic in the event that either of the first two alternatives are not performed.
Petitioners on April 23, 1971 and August 9, 1972 became the owners of two parcels of real property lying in the Town and Village of Liberty, County of Sullivan and State of New York. The west boundary of both parcels is bounded by a four-sided parcel containing about .7 acres purportedly owned by the State of New York.
Petitioners contend that the State has allowed automobile traffic along the said westerly portion of their property, and that respondent does not maintain the “ trail ” used for traffic, and that it is merely a ‘ ‘ dirt trail ’ ’. Petitioners further contend that the traffic use results in noise, dust, drainage problems and other nuisances and inconvenience to the petitioners and that it is the obligation of the respondent State of New York to either maintain it by paving or plowing it, or to abandon it and close it off to traffic.
The respondent cross-moves to dismiss the petition on the ground that the court is without jurisdiction over the subject of the action which is within the exclusive jurisdiction of tort claims against the state vested in the Court of Claims.
This court cannot agree with the contention of the respondent. Jurisdiction of the Court of Claims is confined to claims of money damages against the State. (Court of Claims Act, § 9.) The court’s equitable powers are limited solely to those expressly set forth in the Court of1 Claims Act or incidental to the enforcement of a claim for money judgment. (Tompkins v. State of New York, 33 Misc 2d 828; Tomlinson Constr. Co. v. State of New York, 26 Misc 2d 488, affd. 15 A D 2d 692; Psaty v. Duryea, 282 App. Div. 94, affd. 306 N. Y. 413.) The equitable relief sought here can be fashioned only by the Supreme Court of the State of New York. This court is the appropriate forum and has jurisdiction.
The respondent has answered and denied all the material allegations of the petition and has demanded a bill of particulars. It is the opinion of this court that there are material questions of fact raised by the allegations and that the proceeding should be transferred to Part One Trial Term of the Nonjury Trial Calendar of this court pursuant to rule 862.5 of the Rules for Trial and Special Terms of Supreme Court Third Judicial Department (22 NYCRR 862.5).