Andrew V. Siracuse, J.
This is an application for a stay or preliminary injunction pending a hearing on the propriety of certain highway curbing and curb cut work proposed for the State highway contiguous to plaintiff’s property. The procedural basis for the suit is article 78 of the CPLR, specifically, the request to review the alleged failure of the commissioner to provide adequate substitute access.
Certainly, plaintiff is correct in arguing that the State must *222 provide adequate substitute access where the access of the abutter is altered, as part of a taking, or by virtue of a highway alteration or reconstruction not involving a taking. (See, for example, Priestly v State of New York, 23 NY2d 152; Meloon Bronze Foundry v State of New York, 10 AD2d 905; Holmes v State of New York, 282 App Div 278, 279 App Div 489; and the complete summary discussion in Dumala v State of New York, 72 Misc 2d 687.) However, this standard for compensation is applied after the fact of an appropriation in the claim for compensation pursuant to the State Constitution requirement that just compensation be paid for damage consequent to a taking. Where, as seems to be the case in the subject situation, there is no appropriation, but an existing right of way is being expanded, the right to sue the State for damage must be based upon a statutory waiver of immunity. If that statute exists, as argued by plaintiff on the basis of section 54-a of the Highway Law, there might be a claim for damage at the conclusion of the work in the event the substitute access was not suitable in terms of the highest and best use of the property at the date of the work. Plaintiff, however, is not arguing for compensation after the fact of the work by the State. Rather, plaintiff urges that if the ultimate standard to be applied in assessing a right to compensation is whether the substitute access is suitable, then why should not that standard be applied at the outset to insure that the proposed work be planned and performed in a manner insuring that the owner will have adequate substitute access in terms of the highest and best use of the property. The logic of plaintiff’s argument is uncontestable. Unfortunately, it runs into the antediluvian limitation that there has been no waiver of immunity by the State to permit such preconstruction activity. The law is clear. Absent a statutory grant of authority to the courts constituting a waiver of immunity, there is no power or jurisdiction in the Supreme Court to enjoin the State regarding highway reconstruction, pending the resolution of the owner’s claim that adequate substitute access is not provided in the plan as originally proposed. It is, of course, this tack that is taken by the State in contesting the jurisdiction of this court. Basically, the Constitution looks to pay for damage after the fact. The question of procedural due process "along the way”, here at the inception of the project, is a concept foreign to the Constitution and statutes as they govern de facto takings.
*223 If not in Supreme Court, then where can plaintiff obtain injunctive relief pending its opportunity to sort out its rights with the Department of Transportation regarding the proposed construction? The Court of Claims offers no solution. Unless a claim for damage is the primary request for relief, within the jurisdiction of the court, it is well settled that , the Court of Claims is without equitable jurisdiction. (See Court of Claims Act §§ 8, 9; see, also, Tompkins v State of New York, 33 Misc 2d 828; Murphy v Schuler, 74 Misc 2d 732; Wilson v State of New York, 73 Misc 2d 931; Pearlman v State of New York, 18 Misc 2d 494; Matter of Silverman v Comptroller, 40 AD2d 225.)
The plaintiff, perhaps in recognition of these facts, frames its application as a review pursuant to article 78 of the administrative discretion of the commissioner to proceed as indicated in alleged violation of plaintiffs rights. The effort here is to avoid the jurisdictional problem in the emphasis upon the simple administrative functioning of the department. If this approach is to succeed there must be some statutory duty which the commissioner is failing to perform. None of the statutes cited by plaintiff, save section 54-a of the Highway Law, are even arguably in point. Section 38 of the Highway Law deals with contracts for the construction of improvement of highways, i.e., as between the State and its subcontractors. Section 30 of the Highway Law deals with the State’s right to appropriate realty for highway construction. On the papers before this court, we do not here deal with a taking. Section 59 of the Highway Law deals with additional width and types of construction or repair or reconstruction work. Section 62 of the Highway Law involves the improvement of alignment and of dangerous conditions or repair work. Again, neither of these sections involves mandatory requirements on the department vis-á-vis the private owner and his right to substitute access. Only section 54-a is possibly in point. That section deals with change of grade. The papers before this court do not indicate whether a change of grade is involved in the proposed work. Moreover, even if the statute applies, it requires only that the commissioner on the request of the owner "cause the reestablishment of the entrance, approach or driveway to be adjusted to the new highway grade”. Further, upon such "adjustment” the statute provides that "the details of the work shall be as determined by the commissioner of transportation”. Whether section 54-a applies *224 to the facts in the subject case can only be determined on a hearing. (See CPLR 7804, subds [g], [h].) This court will grant a limited stay pending a hearing on the applicability of section 54-a. (See CPLR 7805; see, also, Matter of Helms v Diamond, 76 Misc 2d 253.) It should be understood, however, that even if section 54-a applies, the commissioner would be obligated to do only what is therein required. This court appreciates plaintiffs position. However, nothing more is required by law.