Ronald E. Coleman, J.
On December 3, 1962 claimant owned 62,171± sq. ft. of vacant land located in the Town of Amherst on the northeasterly corner of Niagara Falls Blvd. and Chestnut Ridge Road with a frontage on the boulevard of 272.25± feet and also frontage on Chestnut Ridge Road of 228.36± feet. The State by Map No. 360, Parcel No. 360, appropriated 10,719± sq. ft. of claimant’s land adjacent to Niagara Falls Blvd., without the right of access, on which was constructed an access road for an expressway, thereby depriving claimant of all of his frontage on that street to a depth of 20.04± feet on Chestnut Ridge Road and to a depth of 94.84± feet on the northerly end of the parcel so appropriated.
The best available use of claimant’s property prior to the appropriation was for commercial use. Niagara Falls Blvd. was then and still is a major four-lane, northerly-southerly arterial route carrying traffic between Niagara Falls and Buffalo *341 serving the surrounding residential area and had been developing commercially prior to the appropriation. Following the appropriation the best available use of claimant’s remaining land was for residential use. The fair and reasonable market value of claimant’s property prior to the appropriation was $105,500 which represented 62,171± sq. ft. at $1.70 a square foot. After the appropriation the fair and reasonable market value of claimant’s property was $20,500 which represented 51,452± sq. ft. remaining at $.40 a square foot. As a direct result of the appropriation, the claimant has been damaged in the amount of $85,000 for land taken and consequential damages to his remaining land which is the difference as found by us between the fair market value of claimant’s property prior to the appropriation and after the appropriation. (See Matter of Huie [Fletcher — City of N. Y.], 2 N Y 2d 168, 170.) We now turn to a discussion of what part of the damages so sustained may be awarded to the claimant under the present authorities.
The State contended that following the appropriation claimant’s property could be seen from Niagara Falls Blvd., that it had access from Chestnut Ridge Road and that the property had suffered no compensable consequential damages. As to view, the State’s claim was that because the property still can be seen from Niagara Falls Blvd. after the appropriation, the benefit of this view apparently offsets the consequential damages to the remainder resulting directly from the loss of frontage on that boulevard. In Feres v. State of New York (24 A D 2d 661, 662) the court said: “ The Court of Claims allowed consequential damages on the theory that the use to which the appropriated property will be put ‘ will limit the view of claimant’s property by people approaching it and traveling in a southerly direction ’. Loss of view or ‘ limit the view ’, as stated by the court, is not compensable under the guise of consequential damages.” We fail to see how it can be said that loss of view does not give rise to consequential damages and at the same time, on the facts in this claim, be said that the view left to claimant’s property is a benefit which offsets the consequential damages.
The loss of frontage on Niagara Falls Blvd. presents a more difficult problem. Admittedly, there were in the area no comparable commercial developments on land the size of claimant’s property not having frontage on a busy commercial street similar to Niagara Falls Blvd. and only on a residential side street like Chestnut Ridge Road. While claimant’s expert testified that the change in the best available use of the property from commercial to residential use was caused by the reduction in size *342 of the property as a result of the appropriation, neither the record nor the physical circumstances of the property support any other finding except the one that the change in use and the sharp reduction in value of claimant’s remaining property was occasioned solely by the loss of access that it had prior to the appropriation along its frontage on Niagara Falls Blvd. What was a valuable property prior to the appropriation now has become one drastically reduced in value. However, the loss of frontage no matter how valuable it may be appears not to be the test but rather the test is whether or not there still remains some suitable means of access. (Selig v. State of New York, 10 N Y 2d 34; Endwell Rug Co. v. State of New York, 23 A D 2d 516; see, also, opinion of Court of Claims not published.) While claimant’s remaining property undoubtedly did sustain consequential damage as a result of the reduction in its size and its irregular shape after the appropriation, on this record we are unable to determine what these damages were.
Under the present authorities, if it can be found that there still is a suitable means of access to the remaining property after the appropriation, no consequential damages may be awarded as a result of such an appropriation. Suitable access now is any access by which entrance may be had to a property without difficulty. (Cf. Holmes v. State of New York, 279 App. Div. 489, 282 App. Div. 278; Endwell Rug Co. v. State of New York, supra.) Here, after the appropriation the claimant had an unrestricted access to his remaining property along 208.32± feet of frontage on Chestnut Ridge Road which can be said to be a suitable means of access for merely getting in and out of his remaining property without giving any consideration to the fact that its highest and best available use was changed completely by the appropriation. Under the present authorities we cannot award to the claimant any consequential damages in spite of the fact that the damages resulting from the loss of frontage on Niagara Falls Blvd. were substantial, easily ascertained and cannot be said to be purely speculative.
While both the expert witnesses for the claimant and the State agreed that claimant’s property had sustained damages beyond the value of the land itself appropriated, we only can award damages based on the value of the land actually appropriated and cannot award consequential damages due to the reduction in value of the remainder which here amounted to $66,780. Under a separate decision filed this same date we have awarded to the claimant $18,220 for land only appropriated which represents 10,719± sq. ft. at the rate of $1.70 a square foot.