Dorothea E. Donaldson, J.
This claim arises out of an appropriation of land no part of which was owned by claimant but over which was held a right of way. Claimant’s property is situated in the City of Poughkeepsie and is a completely unimproved tract, two thirds of which is zoned for residential use and one third for commercial use. For ease of reference and because the easement of way permitted the commercially zoned section to be so used, it will be called the dominant tenement. The westerly line of the dominant tenement bordered land owned by Highway Displays, Inc., which property in turn *338 was interposed between claimant’s land and the edge of the north lane of Route 9 (also known as South Avenue). Claimant had access to that highway by means of the easement of way over the Highway Displays’ property. The State has appropriated the land of Highway Displays, Inc., so that the dominant tenement now borders directly on the improvement known as new Route 9, which within the city limits is a limited-access road, without access to claimant’s frontage.
The easterly edge of the dominant tenement abuts claimant’s residentially zoned area. The boundary between the two separately zoned parcels is artificial with no topographical division. Access to the residential parcel and to the entire tract is available through two paved streets terminating at the extreme easterly edge of the subject property. Abutting the entire northern edge of claimant’s land lies the right of way. It extended from the terminus of the most northerly paved street along the entire length of the subject property and over the land of Highway Displays, Inc., to old Route 9. The southerly boundary of the subject property is part of the boundary between the City of Poughkeepsie and the Town of Poughkeepsie. The immediate properties surrounding claimant are either vacant land or improved with residences.
The dual zoning of subject property has created the problem. Access and use for residential purposes is easily accomplished by means of the two city streets. However, the zoning laws prohibit access to a commercial area via residential roads. Additionally, these streets may not be extended through claimant’s land to Route 9 due to subject’s deed restriction and the construction of improved Route 9 as a limited-access road. The City of Poughkeepsie has indicated that “ when the (commercial) area was established it was established because of access to Route 9 ”. The claimant contended that the loss of the use of the right of way as access to Route 9 rendered the property valueless.
The court has viewed the property and finds the highest and best use of the property before the improvement to be commercial and the highest and best use after the improvement to be residential.
Claimant’s expert testified that the damages sustained because of the loss of the use of the right of way as access were predicated on the basis of a projection of conjectural income from a hypothetical apartment building to be erected upon the dominant tenement. From this projection a rental value and gross income, theoretically, were established and capitalized. In confirmation of the summation procedure, claimant’s expert
*339 testified that a comparable sales method or market data approach was used to derive value. This technique encompassed valuation of the entire tract as one piece despite its dual zoning and determined that the residentially zoned area is worth the same as the commercial zone. .Such fantasies have no merit in proof of damages. Therefore, that portion of the testimony of claimant’s expert pertaining to the projection of capitalized income from the commercially zoned area is rejected by the court. (Levitin v. State of New York, 12 A D 2d 6; Taner v. State of New York, 4 Misc 2d 390, revd. on other grounds, 7 A D 2d 702.) The State’s motion to strike, with respect to the foregoing, on the basis of speculation, is granted.
Compensation for the loss of an easement is generally measured by the before and after value of the dominant tenement. (Levinson v. State of New York, 5 A D 2d 1041.) However, where the easement is one of access there is no compensable damage unless a complete and total loss of all suitable access occurs. (Slepian v. State of New York, 48 Misc 2d 340.)
The residentially zoned area sustained no loss of access, and, thus, no damage. While no fault is found with the mathematics of the capitalization projection, the method having been rejected as specious, the court considered the market data approach of comparable sales for the value of the area zoned commercially. Claimant’s expert testified that the before value was $1.10 per square foot and that the after value was 10 cents per square foot. Based on 59,362 square feet in the dominant tenement, the before value would be $65,298.20 and the after value, $5,936.20, resulting in damages in the amount of $59,362 to the dominant tenement.
The State’s expert, using the comparable sales method, valued the entire subject property of the 4.58 acres at $13,700 or $3,000 per acre. In his opinion, since there was no difference between the before value and the after value, no damage was sustained. Three thousand dollars an acre equals seven cents per square foot, resulting in a value for the dominant tenement of $4,155.34.
The foregoing expert valuations are set forth merely to identify a base for the measurement of damage. Before an award can be made, however, claimant must prove that the test of suitability of access has been met and overcome. Any access obtained without difficulty is suitable. (Slepian v. State of New York, supra; Selig v. State of New York, 10 N Y 2d 34; Endwell Rug Co. v. State of New York, 23 A D 2d 516; Holmes v. State of New York, 279 App. Div. 489.)
Easy access to subject property by way of the existing paved residential streets remains even though the dead-ending of the *340 right of way to improved Route 9 terminated direct access to that highway and altered the highest and best use of the commercial zone. (Slepian v. State of New York, supra.) Claimant has sustained some injury despite the lack of proof that either he or any predecessor in interest had used the right of way as direct access to Route 9 prior to the improvement. Therefore, the damage is compensable only in a token or nominal amount.
■Accordingly, the court finds that the claimant is entitled to an award in the amount of $1, for all damages direct and consequential, without interest.