FRANK J. SUKIENNIK et al., Respondents, v. STATE OF NEW YORK, Appellant.  (Claim No. 42571.) — Judgment insofar as it awards claimants $31,285.32 for consequential damages unanimously reversed on the law and the facts and new trial granted as to consequential damages only and otherwise judgment affirmed, without costs of this appeal to either party.  Memorandum: We find it necessary to remit this matter for a new trial on the question of consequential damages only, for the record does not contain sufficient proof to sustain the finding of $31,285.32 for consequential damages.  The trial court properly stated that "it is perfectly obvious that the appropriation has damaged claimants' property extensively".  The court, however, indicated that it made no award for loss of access "for which claimants made no claim before us".  It is undisputed that claimants' present means of access is considerably less convenient than before the elimination of the accesses from Delaware Avenue and from the intersection of Delaware Avenue and Bonnett Avenue.  Surely if the State could have achieved the elevation of the highway by some other plan than the one employed and thereby avoided the elimination of at least a portion of the accesses formerly enjoyed, and this might be the subject of expert proof on the new trial, it might be determined that the inequity created by the method used may bring this case within the principle of *Meloon Bronze Foundry* v. *State of New York* (10 A D 2d 905).  As was said in *Holmes* v. *State of New York* (279 App. Div. 489, 491): "What may be a suitable means of access is of course a question of fact".  The test is whether after this appropriation there still remains a suitable and reasonable means of access.  We concur with the trial court's statement that the present record would not justify an award for the loss of access.  *Selig* v. *State of New York* (10 N Y 2d 34) and the many other cases which follow the principle there enunciated are authority for the denial of damages for circuity of access and for the general principle that mere inconvenience does not render a means of access as unsuitable.  However, if the new access is so inconvenient as to cause a serious permanent damage to the claimants' business, proof of this fact may stamp the access as unsuitable.  We, of course, make no finding in this decision as to this question but suggest that upon the retrial the court should give serious consideration, if the proof so warrants, to whether there should be an award for damages by reason of unsuitable access, as well as such other consequential damages as may have resulted from the taking.  The new determination should contain specific findings as to the elements compensated for in the

award for consequential damages. (Appeal from judgment of Court of Claims for claimants on a claim for permanent appropriation of realty.) Present — Williams, P. J., Bastow, Goldman, Del Vecchio and Marsh, JJ.