■ SIDNEY KING, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 43107.) — HERLIHY, J. Appeal by the claimant from a judgment of the Court of Claims awarding nominal damages only for the appropriation of a right of way. Prior to the appropriation, the claimant's property was zoned about one third for commercial use and two thirds for residential use. The parties agree that without the right of way appropriated, the portion zoned for commercial use can no longer be used for commercial purposes although it may now be used for residential purposes. The claimant's expert offered testimony that there was a demand for apartment buildings in this area. He further introduced sales of property for such use and compared them with the subject parcel of land. He testified that the claimant's dominant property was available for use under its zoning restrictions at the time the right of way was appropriated. The trial court apparently accepted the finding of the claimant's expert as to the highest and best use of the dominant property, but refused consequential damage on the ground that the only effect of the appropriation of the right of way was one of circuity of access. The record establishes that if the property had a commercial use prior to the appropriation, it had no value after for such use. The trial court found that after the appropriation the highest and best use was for residential purposes. The trial court was correct in asserting that mere circuity of access is not compensable. However, the appellate cases cited by it do not involve a situation where the highest and best use of the property is destroyed as a result of the destruction of access. The case of *Endwell Rug Co.* v. *State of New York* (23 A D 2d 516) relied upon by the trial court and purportedly followed in *Slepian* v. *State of New York* (48 Misc 2d 340) does not hold that " any access obtained without difficulty is suitable ". The appropriate rule, however, is set forth in the recent case of *Red Apple Rest* v. *State of New York* (27 A D 2d 417, 420) : " The question of whether or not suitable access has been left or provided is a question of fact which is related to the highest and best use of the property affected. (*Holmes* v. *State of New York,* 279 App. Div. 489.) " The record contains sufficient evidence to support the trial court's finding that the highest and best use of

the commercially zoned area was for a commercial use. In accordance with the foregoing, we find that the present access is unsuitable for the highest and best use of the property and the court was in error in awarding only nominal damages. Based on comparable sales, the claimant's expert found a value of $1.10 per square foot before the appropriation for commercial purposes and an after value of 10 cents per square foot for residential purposes. The State offered no proof of commercial value and its before and after value was $3,000 per acre for residential purposes. The highest comparable sale in evidence as to commercial use showed a substantial variance as to value per square foot. Upon considering all of the market data evidence we find that the before value of the commercially zoned property was $26,700 and the after value to be $5,900 for consequential damage of $20,800. Judgment modified, on the law and the facts, so as to increase the amount of the award to $20,800, with appropriate interest, and, as so modified, affirmed, with costs to appellant. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Herlihy, J. [50 Misc 2d 337.]