884

440.) (Appeal from order of Onondaga Special Term dismissing complaint in action for commission.) Present — Goldman, P. J., Marsh, Witmer, Moule and Bastow, JJ.

■ POTTER REAL ESTATE CO., INC., Appellant, v. O & S BEARING & MFG. CO., Respondent. No. 2.— Order insofar as it directs defendant to answer interrogatories within 30 days unanimously affirmed; appeal from remainder of order dismissed as academic, without costs. (Appeal from order of Onondaga Special Term denying motion to strike interrogatories.) Present — Goldman, P. J., Marsh, Witmer, Moule and Bastow, JJ.

■ POTTER REAL ESTATE CO., INC., Appellant, v. O & S BEARING & MFG. CO., Respondent. No 3.— Appeal dismissed as academic, without costs. (Appeal from order of Onondaga Special Term denying motion to vacate order extending time to answer interrogatories.) Present — Goldman, P. J., Marsh, Witmer, Moule and Bastow, JJ.

■ ESTHER TAYLOR, Individually and as Executrix of EVERETT H. TAYLOR, Deceased, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 44364.)— Judgment reversed on the law and facts, with costs, and judgment granted in favor of claimants in the sum of $4,000, with interest from July 17, 1964, in accordance with the following Memorandum: The trial court erred in dismissing the complaint at the close of the evidence upon the ground that claimants had failed to make out a claim against the State. Claimants are the owners of property located on the south side of Route 175 in the Town of Onondaga upon which a retail store has been operated for some years. Following reconstruction of the State highway in 1963 and 1964, during which the grade of the highway was raised above the level of claimants' property, the State constructed a depressed concrete drainage gutter two and one-half to three feet deep along the south side of the road in front of claimants' property. As a result of this gutter, vehicles going to and from claimants' store strike their tailpipes and bumpers on the concrete, and snow, ice, dirt and gravel collect in the gutter. Water accumulates to a depth of 22 inches and spreads over the surrounding area. By reason of these conditions, delivery trucks and customers approaching claimants' premises often use the driveway of a neighboring property owner rather than traverse the gutter in front of claimants' store. Upon this record we find that the reconstruction of Route 175 with the depressed gutter left no suitable means of access to claimants' property, for which damages should be awarded. (Meloon Bronze Foundry v. State of New York, 6 A D 2d 993.) "Suitable access now is any access by which entrance may be had to a property without difficulty" (Slepian v. State of New York, 48 Misc 2d 340, 342, quoted with approval in Priestly v. State of New York, 23 N Y 2d 152, 155), and suitability is related to the highest and best use of the property. (Priestly v. State of New York, supra, p. 156.) Tested by these standards, the access available to claimants' commercial premises was not suitable. Testimony received at the trial as to the difference in market value before and after the deprivation of suitable access supports an award of $4,000 for the damages sustained. (4 Nichols, Eminent Domain [3d ed.], § 14.2431.) All concur, except Witmer and Henry, JJ., who dissent and vote to affirm in the following Memorandum: In our opinion, the decision was not against the weight of the evidence. (Appeal from judgment of Court of Claims granting motion to dismiss claim.) Present — Del Vecchio, J. P., Witmer, Gabrielli, Bastow and Henry, JJ.

■ In the Matter of the CITY OF ROCHESTER, Appellant, Relative To Acquiring Title to Property for an Urban Renewal Project in the Front Street Area Known as GENESEE CROSSROADS. ESDOMAR REALTY, INC., Respondent—