## (December 18, 1975)

■ SUN OIL COMPANY OF PENNSYLVANIA, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. (Claim Nos. 52363 and 52966.)—Cross appeals from a judgment in favor of claimant, entered April 22, 1974, upon a decision of the Court of Claims. The initial claim herein was for a *de facto* appropriation of a portion of claimant's land which, upon stipulation, was deemed subsumed and superseded by a subsequent *de jure* appropriation pursuant to section 30 of the Highway Law. Located on the westerly side of Route 11 in the Town of Cortlandville, Cortland County, the subject property consists of slightly over three acres of land which was improved by a gas station occupying the southernmost 232 feet of its 556 feet of frontage on Route 11. The State appropriated a one-foot wide strip along 220 feet of this southerly frontage for purposes of a guardrail and thereby left the gas station site with only 12 feet of level access frontage to Route 11 at road grade. The appraisers for both parties agreed that the highest and best use of the property before the taking was for a gas station use on the existing site and commercial use for the remainder. Identical uses were likewise recommended after the taking, except that the gas station should be relocated north of the taken frontage and the present site converted to commercial use. As to the precise location of the new station, the appraisers differed in their opinions. Adopting the State's proposed use, the trial court found that the highest and best use of the property after the taking was for a gas station use with the station relocated on the extreme northerly part of the property and commercial use for the remaining land. The court further found the total damages to be $90,000, and, of this amount, $400 was awarded for direct damages and $29,800 for consequential damages. The remainder of the award, $59,800, was granted as the cost to cure and represents the cost of the relocation of the service station structure on the new northerly site. On this appeal, the central question presented is whether or not claimant's loss of 220 feet of its frontage on Route 11 provides adequate support for the award of $29,800 in consequential damages, and we find that it does not. Clearly, claimant has no right of direct

access to his property from every point along the highway, but only a right to reasonable ingress to and egress from his land *(Northern Lights Shopping Center v State of New York,* 20 AD2d 415, affd 15 NY2d 688, cert den 382 US 826). Moreover, mere circuity of access will not justify an award of consequential damages, which is proper only where the remaining access is shown to be "unsuitable" *(Priestly v State of New York,* 23 NY2d 152). The question of suitability is factual in nature *(King v State of New York,* 29 AD2d 604), and, to recover on such a theory, claimant must demonstrate either that its remaining access is no longer suited to the highest and best use of the property *(Moriello v State of New York,* 36 AD2d 779, affd 30 NY2d 815), or that its loss of access has caused serious permanent damage to its business *(Sukiennik v State of New York,* 26 AD2d 769). In this instance, claimant has failed to make any such showing. It still retains 336 feet of direct access to Route 11, and both appraisers agreed that the property continued to have the same highest and best uses after the taking with only the location on the parcel of the gas station and commercial uses being changed. Such being the case, the award of consequential damages for loss of access was unjustified and cannot be sustained (cf. *Penningroth v State of New York,* 35 AD2d 1024, mot for lv to app den 28 NY2d 484). The parties' remaining contentions relating to the validity and reliability of the appraisals submitted are without merit. These contentions bear upon the weight of the evidence and not its competence, and we find nothing in the record to indicate that the trial court's consideration and treatment of the appraisals was other than correct and proper. Judgment modified, on the law and the facts, by reversing so much thereof as awarded claimant $29,800 in consequential damages, and, as so modified, affirmed, without costs. Sweeney, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.