THEODORE L. HOLMES et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 29801.)

Third Department, March 12, 1952.

*Lewis B. Parmerton* for appellants.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, Solicitor-General,* and *Ronald E. Coleman* of counsel), for respondent.

Foster, P. J. This is an appeal from a judgment of the Court of Claims which allowed the value of a very small parcel of land appropriated by the State, and denied a claim for consequential damages in connection with the elimination of a railroad grade crossing in the village of Owego, New York. Claimants own and conduct a feed business in that village on a street known as Erie Street Extension.

The elimination project had to do primarily with the Erie Railroad tracks which crossed North Avenue in the village at grade. North of this former crossing Erie Street Extension made a " T " connection with North Avenue, and prior to construction work on the elimination project the customers of claimants had easy access from North Avenue to the store and feed mill of claimants which was located on the north side of Erie Street Extension. The project required the closing of the west end of Erie Street Extension where it made a connection with North Avenue, and access thereto from that direction was entirely cut off. Access of a sort however was

left available on the east end of Erie Street Extension over a street known as West Avenue.

For the purpose of maintaining a proper slope on part of West Avenue the State appropriated a perpetual easement in and to .004 of an acre of land from the northeast side of claimants' property. The court below allowed claimants the sum of $100 for this parcel. Damages for closing the west end of Erie Street Extension were held to be *damnum absque injuria,* and nothing was allowed therefor.

We think the court below properly found that consequential damages did not flow from the appropriation of the perpetual easement. Although a part of the general project this appropriation in no way affected access to claimants' feed mill. It was the closing of the west end of Erie Street Extension which affected access (*Van Aken* v. *State of New York,* 261 N. Y. 360).

We also agree with the court below that claimants were not entitled to consequential damages by reason of any change of grade on Erie Street Extension.

However we are not in accord with the finding below that claimants were left a suitable means of access to their property. It is true that either the State or a municipality may close a street, if acting under proper statutory authority, but a suitable means of access must be left to an abutting owner or else he is entitled to compensation (*Egerer* v. *New York Central & Hudson R. R. R. Co.,* 130 N. Y. 108). What may be a suitable means of access is of course a question of fact. Mere inconvenience does not stamp a means of access as unsuitable (*Van Aken* v. *State of New York, supra; Miller* v. *State of New York,* 229 App. Div. 423; *Reis* v. *City of New York,* 188 N. Y. 58). The proof in this claim persuades us that considerably more than mere inconvenience of approach is involved. The cut-off from West Avenue to Erie Street is very sharp on a descending grade, and too narrow for trucks, weighing a ton and a half or more, to pass. Prior to the closing of the west entrance to Erie Street Extension over 90% of claimants' business was transacted with farmers who called at the feed mill for their purchases, and the proof indicates that an average of fifty customers called there daily. Since the commencement of construction the delivery system of claimants at their door has been almost completely reversed, and they are now compelled to deliver over 90% of their merchandise to their customers. The testimony of experts on both sides shows quite clearly that claimants suffered substantial damages by reason of a change of access.

We are constrained to hold that the finding of the court below to the effect that claimants were not cut off from all other suitable means of ingress and egress is against the weight of evidence.

The judgment should be reversed and a new trial on the foregoing issue directed, with costs of this appeal to claimants-appellants.

HEFFERNAN, BREWSTER, BERGAN and COON, JJ., concur.

Judgment reversed, on the law and facts, with costs to appellants, and a new trial directed on the issue of whether other and suitable means of ingress and egress to appellants' feed mill existed after the closing of the westerly end of Erie Street Extension, and whether claimants are entitled to consequential damages in connection therewith.

This court reverses the 26th, 28th, 30th and 31st findings of fact, and the 2d conclusion of law in the decision of the court below. [See *post,* p. 958.]