■ EMILY CREAR, Appellant-Respondent, v. STATE OF NEW YORK, Respondent-Appellant. (Claim No. 31938.) — Cross appeals by the claimant and by the State from a judgment of the Court of Claims, dismissing a part of the claim and awarding damages in favor of the claimant upon other parts of the claim. The Court of Claims dismissed that part of the claim under which the claimant sought to recover damages alleged to have resulted from a change in the location of State highway. It appeared that the claimant's property, upon which there were located a gas station and grocery store, was still accessible by means of the old road which had become a branch of the new highway, although the old road terminated in a dead end immediately beyond the claimant's property. The factual finding of the Court of Claims that the claimant had not been deprived of a suitable means of access to her property seems to us to be in accordance with the weight of the evidence. The claimant relies upon *Holmes* v. *State of New York* (279 App. Div. 489) but the court said in that case that " Mere inconvenience does not stamp a means of access as unsuitable " (p. 491; see, also, 282 App. Div. 278). To grant an award in this case would require an extension of the doctrine of the *Holmes* case to include mere inconvenience of access which the court specifically held to be insufficient as the basis of a claim in that case. The Court of Claims therefore properly dismissed this portion of the claim. However, the Court of Claims allowed $400 for temporary appropriation of part of claimant's property, for the period during which a part of the claimant's property had been covered with dirt spilled over from a ramp constructed for a temporary grade crossing. We find no evidence to support an award in the amount of $400 for this appropriation. The only testimony in the record is that of an expert that the *fee* of the portion of the property covered by the dirt was worth $400. The Court of Claims also awarded $773.50 for the installation of drainage tile upon the claimant's property alleged to have been made necessary by reason of a change in the flow of the surface waters as a result of the construction of the temporary ramp. However, it is clear from the record that the temporary ramp had been removed prior to the installation of the drainage pipes and there is no satisfactory proof that the elevation of the land had been permanently raised by reason of the State's work. An award for the cost of the installation of the drainage tile cannot be sustained upon this record. That part of the judgment from which the claimant appeals is affirmed, without costs, and that part of the judgment from which the State appeals is reversed on the law and the facts and a new trial is ordered with respect to those issues, with costs to abide the event, and the issues are severed accordingly. Settle order on notice. Bergan, J. P., Coon, Halpern, Zeller and Gibson, JJ., concur.