Richard S. Heller, J.
On June 14, 1952, claimants acquired five lots referred to as lots numbers 130, 131, 132, 133 and 134 as laid down on a map of Hillcrest Addition No. 2 in the Town of Dickinson, Broome County, New York. According to the map these five lots bordered on Terrace Parkway, a street in public use on June 28, 1955. On that date the State appropriated all of Terrace Parkway thereby eliminating all right of access on the street to the claimants, all as shown on map of the Brandywine Avenue Extension, State Highway No. 52-8.
No part of claimants’ land was taken.
The State may close a street, if acting under proper statutory authority, but a suitable means of access must be left to an abutting owner or else he is entitled to compensation. (Holmes v. State of New York, 279 App. Div. 489.) Whether or not the claimants were left suitable means of access after the taking of the street is the substance of this lawsuit.
At the time the claimants purchased the land the top was 35 feet above the level of Terrace Parkway and access was gained by a 20-foot right of way extending from Beacon Street southwardly. Beacon Street was also 35 feet above Terrace Parkway. The right of way did provide access in 1952 to claimants’ land.
*291 The claimants purchased the land in 1952 to use for a borrow pit. Then, after taking the dirt and gravel, they intended to level off the land at grade with Terrace Parkway and sell the lots for residential purposes. The fill was all removed and the land was bordering and at grade with Terrace Parkway late in 1953. The former access right of way was 35 feet up in the air.
The right of way from Beacon Street could not be used for suitable access to any plot designed for residential use. To start at Beacon Street and grade to the level of claimants’ land 35 feet below would provide an access road on a descending-grade so sharp and narrow as to disregard safety and practicality.
Claimants’ right of way does not provide for grading and depressing the land to the detriment of the abutting owners. Their right extended only to access at the time of purchase. The fact that the claimants have altered or changed the characteristics of the property between 1952 and 1953 has little to do with their rights on the date of appropriation some two years later as just compensation requires that value and use be ascertained on the taking date. (Matter of Board of Water Supply of the City of N. Y., 277 N. Y. 452.)
. The best available use of the land at the time of appropriation was for residential building lots.
The claim was duly filed and has not been assigned.
The court has viewed the premises.
It is the opinion of the court that the fair and reasonable market value of claimants’ land prior to the closing of Terrace Parkway was $3,700, and that the fair and reasonable market value after denying claimants reasonable access was $200.
Claimants have been damaged in the sum of $3,500 and are entitled to an award in that amount with interest from dime 28, 1955 to December 28, 1955, and from June 3, 1957 to the date of entry of judgment.
The foregoing constitutes the written and signed opinion of the court upon which judgment may be entered.
Let judgment be entered accordingly.