■ A. E. NETTLETON COMPANY, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 34042.) — Judgment unanimously reversed on the law and facts, without costs of this appeal to either party, and a new trial granted. Memorandum: Although it is difficult so to ascertain from the findings, it appears that the Trial Judge awarded a large amount for consequential damages to the property. In arriving at this determination, it is apparent that he was persuaded by the claimant's contentions that consequential damages resulted because the property no longer fronted on a main boulevard; that there was no immediate access to the property from the boulevard which carried a heavy flow of traffic; and that the lowering of the grade of the boulevard affected the view of the property by users of the boulevard. He found that the claimant did not have suitable access to the re-established boulevard and apparently completely overlooked the fact that there was access from a service road, a part of the boulevard system, and complete access from N. Clinton St. which is the boundary of the property at the rear. There is no evidence from which the court could find that there was a complete destruction of access or a failure of suitable access to the property and in the absence thereof, there could be no recovery for consequential damages based on this phase of the claim. "The State is not required to respond in damages because claimant's property does not have direct access to Le Moyne Avenue as reconstructed or is not on a through street." (*Meloon Bronze Foundry* v. *State of New York,* 10 A D 2d 905, 906.) (See, also, *Esso Standard Oil Co.* v. *State of New York,* 9 A D 2d 840; *Crear* v. *State of New York,* 2 A D 2d 735; *Holmes* v. *State of New York,*

279 App. Div. 489; *McHale* v. *State of New York,* 278 App. Div. 886.) Nor can such matters be considered in a determination of the difference in the over-all value of the remaining property before and after the taking. "The improvement unquestionably caused changes in the pattern, control and flow of automobile traffic and substantial damages are claimed by reason thereof. However, the trial court correctly applied the rule that there may not be considered in the evaluation of damage 'diminution in the market value * * * as a result of the whole improvement and consequent diversion of traffic.'" (*Esso Standard Oil Co.* v. *State of New York, supra.*) No damages should be awarded on the theory of loss of access or interference therewith, loss of traffic from immediately in front of the property, or loss of view by boulevard users. (Appeal from judgment of Court of Claims for claimant on a claim for appropriation of realty.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.