■  THE PEOPLE OF THE STATE OF NEW YORK ex rel. JIMMIE HAROLD JOHNSON, Appellant, v. WALTER H. WILKINS, as Warden of Attica Prison, Respondent.— Motion granted and time for argument of appeal enlarged to include November 1961 Term.

■  (A) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEWIS F. MACGREGOR, Appellant. (B) THE PEOPLE OF THE STATE OF NEW YORK ex rel. FULTON DUCRE, Appellant, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent.— [In each action] Motion for leave to prosecute appeal as a poor person, and for other relief denied.

## (September 22, 1961)

■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES TAYLOR, Appellant.—

Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.
■  RICHARD F. MILLER, Respondent, v. KENNETH WARD, Appellant.—

Present — Williams, P. J., Goldman, McClusky and Henry, JJ.
■  FLEET-WING CORPORATION, Respondent, v. PEASE OIL COMPANY, INC., et al., Appellants, et al., Defendants.—

Present — Williams, P. J., Goldman, McClusky and Henry, JJ.  [29 Misc 2d 437.]
■  SYLVIA LIPSITZ, Respondent, v. SIMON LIPSITZ, Appellant.— ■

Present
— Williams, P. J., Goldman, McClusky and Henry, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. KENNETH GAYNOR, Appellant, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent.

Present — Williams, P. J., Goldman, McClusky and Henry, JJ.

In the Matter of JOHN R. ALEX, Appellant, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent.—

Present — Williams, P. J., Goldman, McClusky and Henry, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HORACE WEEKS, Appellant.—

Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.

NATIONAL BISCUIT COMPANY, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 34915.)

Memorandum: In our prior decision in this case (12 A D 2d 998) we directed a new trial to determine what damage, if any, claimant had sustained by reason of the change of grade of an arterial highway in front of its property. Subsequently, in *Selig* v. *State of New York* (10 N Y 2d 34), it was held that where an abutting property owner has free and uninterrupted access to a so-called adjoining service road there was no change of grade as to the property and the claimant had no right, vested or otherwise, to abut upon the arterial highway. We construe that holding to be here controlling. Upon reargument claimant has raised certain issues, apparently not presented in the *Selig* case (*supra*) as to its constitutional rights to be compensated for loss of access to an adjoining highway. We have examined these questions and find them to be without validity. In our opinion, claimant's award should be reduced to the amount of land actually taken in fee or by easement. Both experts called by claimant testified that such amount was the sum of $2,550. (Reargument of cross appeals from judgment of Court of Claims for claimant on a claim for damages for appropriation of realty.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. VINCENT ZAGARRIGO, Appellant, v. B. JOHN TUTUSKA, as Sheriff of the County of Erie, Respondent.—

Present — Williams, P. J., Bastow, McClusky and Henry, JJ.