Ronald E. Coleman, J.
The above-numbered claim was duly filed on July 1, 1960 and has not been assigned or submitted to any other court or tribunal for audit or determination. Pursuant to section 30 of the Highway Law, and acts amendatory thereto, the State of New York duly appropriated a certain portion of claimants’ property situate in the Town of Lockport, County of Niagara, State of New York, by taking the fee to the property as described on Map No. 27 as Parcel No. 30, Map No. 28 as Parcel No. 31 and a temporary easement to the property as described on Map No. 29 as Parcel No. 32, Sanborn-Lockport S. H. No. 9094. The appropriation maps were filed in the office of the Clerk of Niagara County on January 8, 1959 and were served on the claimants. The court adopts the description of the appropriated property shown and set forth on the maps filed in the Niagara County Clerk’s office and reference is hereby made thereto for such description without further repetition thereof. The court has viewed the premises.
Claimants owned the property by reason of a deed dated May 28,1945 from Julia Ross to them, recorded in the Niagara County Clerk’s office in Liber 780 of Deeds at page 503. The property shown on Map No. 27 as Parcel No. 30 was appropriated without the right of access to and from abutting properties and was the land upon which the State constructed a portion of the new Saunders Settlement Road. Claimants’ property prior to the appropriation was located on the southerly side of the old Saunders Settlement Road where Upper Mountain Road entered the same and they conducted on the premises a retail and wholesale gasoline business, fuel oil business and a tire-recapping business. The property consisted of approximately 49± acres *712 with a frontage on an angle with the road of approximately 707± feet being a plot 646.8 feet in width and was bounded on the east by the Lockport city line.
As a result of the appropriation, old Saunders Settlement Road was terminated in a dead end just westerly and easterly of claimants ’ property with the old road left remaining in front of claimants’ property being reached by using as an entrance thereto a roadway constructed by the State leading off the new improvement easterly of claimants’ property to the old road, a distance therefrom of approximately 400 feet. The new Saunders Settlement Road was constructed in the rear of claimants’ gasoline station and left 39.05± acres of claimants’ remaining land southerly of it and with no means of access. A subdivision map of the property had been prepared for the claimants in 1948 and the same was revised in 1958 showing 146 subdivision lots with streets. Claimants had remaining after the appropriation 1.971± acres north of the improvement which could be reached by the roadway to the old road and 0.586± acres northwesterly of the improvement which was landlocked. Prior to the appropriation claimants’ property fronting on old Saunders Settlement Road was zoned commercial to a depth of 400 feet and that portion of their property southerly therefrom was zoned residential.
The claimants contended that the entranceway to their gasoline station constructed by the State was not a suitable means of access. They claimed that a large percentage of their retail gasoline business was local customers and that they did little transient business. Their customers do not come to the station after the appropriation because of the fact that old Saunders Settlement Road terminates in a dead end just westerly of their station and does not connect with Upper Mountain Road as reconstructed.
While claimants denied it, some part of the damages claimed as a result of the appropriation as testified to by their expert witness, actually must be based on the fact that the traffic on old Saunders Settlement Road no longer passes in front of their place of business. Admittedly, the improvement changed the flow of traffic, and their claim made for damages as a result therefrom comes within the rule that “ diminution in the market value * * * asa result of the whole improvement and consequential diversion of traffic ” may not be considered in evaluating damages. (McHale v. State of New York, 278 App. Div. 886, 887, affd. 304 N. Y. 674; Selig v. State of New York, 10 N Y 2d 34.)
*713 No part of the award herein is made for damages on the theory of loss of traffic on old Saunders Settlement Road immediately in front of the property. The mere fact that we did not accept the testimony of the State’s expert witness as to value does not show that we were influenced by the damages occasioned by the diversion of traffic.
As a result of the appropriation and the improvement made, old Saunders Settlement Road in front of claimants’ property for all practical purposes was closed. Claimants ’ property was appropriated without the right of access to and from abutting properties with the result that they were left with frontage on the northerly side of a new highway over which they could not enter their remaining property. Had claimants been able to make use of their frontage on the new Saunders Settlement Road, the best available use of their land after the appropriation northerly of the improvement still would have been for a gasoline station and commercial purposes. In McHale v. State of New York (supra), the State appropriated a parcel of land from the rear of claimant’s property in connection with the construction of a semicloverleaf for traffic improvement with the result that only one-way traffic was permitted in front of his premises and two-way traffic on the new road constructed to the rear of his property. While the court made no award for diversion of traffic, it however did make an award for consequential damages to the remaining property for the reduction in value of the same, apparently due to the fact that the new road was banked away from the remainder of claimant’s premises leaving a four and one-half-foot grade between the highway and his abutting land.
While in this claim the State did not allow access to the claimants’ frontage on the new road, it did construct while not on the claimants’ property a roadway from the new road to a portion of the abandoned old road easterly of claimants’ property a distance of some 400 feet so that claimants could reach their property. This actually was nothing more than a driveway to one adjoining property on the east and to claimants’ property. It was not clear how or by whom this roadway was to be maintained, it was not in good condition and it was neither a service road to nor a branch road of the new highway. (Cf. Nettleton Co. v. State of New York, 11 A D 2d 899; Crear v. State of New York, 2 A D 2d 735.) Under these circumstances, claimants were left with frontage on a limited access road with only a driveway to their property, and the State thereby created a cul-de-sac without providing any reasonable means by which vehicles could enter and depart from claimants’ property.
*714 (Holmes v. State of New York, 279 App. Div. 489, 282 App. Div. 278.) Claimants thereby were deprived of any reasonable or suitable access to their remaining property northerly of the improvement. Claimants were using the driveway for their own vehicles but it was not suitable for any other purpose. By reason of the appropriation and the use of the portion taken, claimants’ remaining property has suffered consequential damages. This fact apparently was acknowledged by the State as its expert witness depreciated the improvements on the property 35% as a result of the appropriation.
The best available use of claimants’ property to a depth of 400 feet prior to the appropriation was for commercial purposes and a gasoline station site as so being used and the balance for residential use in the near future. The best available use of claimants ’ remaining property fronting on old Saunders Settlement Road after the appropriation was for a fuel oil distribution place and a tire-recapping business, in which it was only necessary to use their own vehicles. Claimants’ remaining property southerly of the new road had no access and had little value after the appropriation.
In arriving at our before value, we have included therein the value of all the buildings. At the time of the appropriation herein the fair and reasonable market value of claimants’ property was $100,000, immediately after the appropriation was $31,500. By reason of the appropriation herein the claimants have been damaged in the sum of $68,500 for land taken and consequential damages to the remainder. For the temporary easement the claimants are awarded the sum of $100. Claimants are awarded the sum of $68,600 as damages herein, with interest thereon from January 8, 1959 to July 8, 1959 and from July 1, 1960 to date of entry of judgment herein.