Keating, J.
John F. and Mary Louise Bopp were the owners and operators of a motel-lodge and restaurant located in the Catskill Mountain resort area on State Route 28. The property was directly opposite to the road which led oft Route 28 to the Belleayre recreational area. This one recreational area alone attracted many thousands of persons to its center and, while that facility was primarily a Winter facility, it was sometimes attended by more persons during its Summer operation than its Winter ski operation.
For obvious reasons, then, the property’s location on State Route 28 was, to use the claimants’ word, “ strategic ”.
In September of 1959, the State of New York embarked upon a reconstruction of State Route 28 and, in furtherance of this purpose, appropriated a very small portion of the claimants’ property, 0.044 of an acre. In addition, as part of the reconstruction of Route 28 (hereinafter referred to as old Route 28) upon which the claimants’ land was located, it was severed and closed at points some distance to the east and west of the claimants’ property.
Had the State stopped at this point, the claimants would have been left without access to the State highway. The State, however, constructed a so-called “ Gr-spur connection ” which connected to a portion of the old Route 28 and the new Route 28 to the west of the claimants ’ property.
*371 The “ G-spur ” was a macadam, road, some 20 feet wide — the same width as the old Route 28. The new Route 28 was, however, no longer on the same grade as the claimants’ property which was barely visible to those proceeding along the new route. In addition, the new access road required a sharp turn off the new Route 28. The claimants’ property was some 700 to 800 feet from that turnoff.
After the reconstruction of Route 28 and the construction of the “ G-spur ”, the claimants were unable to continue the operation of the motel-lodge and restaurant at a profit and its use was changed to a Summer residence except during the ski season when it accommodates some persons from nearby lodges.
The claimants commenced an action in the Court of Claims seeking as compensation the decrease in the value of the premises which resulted from the taking of a small piece of their property and the reconstruction of the highway.
The Court of Claims awarded the claimants $15,000 as compensation for damages which the court found they had incurred. In so doing, the court indicated that it was awarding damages resulting from the inadequacy, of the access road. The court concluded that ‘ ‘ [t]his condition has seriously affected the status of this property and the use to which it had been developed. Its highest and best use has thus been reduced from a rooming-house and restaurant to merely a residence, except during the ski season when claimants accommodate skiers recommended from overcrowded lodges nearby.”
The Appellate Division unanimously modified the judgment in the following memorandum; “ Judgment modified, on the law and the facts, upon the authority of Selig v. State of New York (10 N Y 2d 34); Crear v. State of New York (2 A D 2d 735); National Biscuit Co. v. State of New York (12 A D 2d 998, vacat. and mod. 14 A D 2d 729, affd. 11 N Y 2d 743, cert. den. 370 U. S. 924), so as to reduce the award to $4,175 and appropriate interest and, as so modified, affirmed, without costs.” The cases cited by the Appellate Division are representative of the clearly established law in this State that damages resulting from circuity of access to the claimants’ property as well as damages incurred because traffic no longer passes the claimants’ property are not compensable.
*372 The Appellate Division’s reversal upon the law and the facts, therefore, indicates that it found that the damage suffered by the claimants in excess of the value of the small piece of property actually appropriated was due to the fact that the claimants’ property was no longer on the heavily traveled State highway and was now located on an access road not visible to any person traveling on the highway.
After reviewing the record and studying the exhibits, we have concluded that the Appellate Division’s disposition of the case was correct and that it should not be disturbed. In so doing, we wish to make clear what we believe to be the law in this State regarding damages incurred by the owner of property located on a State highway, with unlimited access thereto, when a new highway is constructed which no longer affords the property owner direct access to the State highway but requires travel on a new or old access route to the new highway.
Under these circumstances the owner of the property is not entitled to damages incurred because access is no longer as direct as it once was or because the new or remaining access is less than ideal. (Selig v. State of New York, 10 N Y 2d 34; Northern Lights Shopping Center v. State of New York, 15 N Y 2d 688.) Nor are damages recoverable because traffic no longer passes in front of the claimant’s property or because his property is no longer visible to those traveling on the main highway. (Nettleton Co. v. State of New York, 11 A. D 2d 899.)
A property owner so situated has no right to be located directly on a State highway nor does he have a right to have traffic pass in front of his property. True, the presence of those factors may increase the value of the property, but any such increase is purely fortuitous in the sense that it does not result from any expenditure of effort or funds on the part of the property owner. It is as if the State, in the case at bar, had, by its actions, shut down the recreational center which attracted so many persons to the area in which the claimants’ property was located. The closing of the center would have affected the claimants’ property just as drastically as the construction of the new highway. Surely no one would argue that the State would be liable to the claimants for consequential damages resulting from such closing. While the recreation center is in operation the claimants benefit because their property happens *373 to be located in the same general area. If the recreation center were closed, they would have no legal right to complain.
Similarly, while the claimants’ property happened to be located directly on the State highway, they benefited thereby. Now that the State has determined that it would be in the public interest to construct a new and modern highway, capable of providing safer and speedier travel than the old route, the claimants may not complain. The State’s obligation to them is fulfilled if they have a reasonably adequate means of access to and from the new highway.
We believe that, not only do the record and exhibits sustain the Appellate Division’s conclusion that the claimants were afforded such an access road, but that such a conclusion is implicit in the finding of the Court of Claims. That court found, as did the claimants ’ expert, that the property could be operated as a residence and as a motel for guests specifically directed to the property during the Winter season. The new access road provided was adequate to service the property for those purposes. We conclude, as the Appellate Division did, that those additional factors which no longer enable the claimants to use their property regularly as a motel and restaurant are factors for which the law does not require compensation.
The order of the Appellate Division should be affirmed, without costs.
Chief Judge Fuld and Judges Van Voorhis, Burke, Scileppi, Bergan and Breitbl concur.
Order affirmed.