■    GREATER NEW YORK COUNCILS, BOY SCOUTS OF AMERICA, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 41588.) — STALEY, JR., J. Appeal from a judgment in favor of claimant, entered December 1, 1966, upon a decision of the Court of Claims. The claimant owned a parcel of land consisting of about 1,140 acres in Dutchess County on the easterly side of Big Whaley Lake. Two ponds and a 30-acre lake, known as Little Whaley Lake, are located on the parcel. Access to claimant's lands was available from Route 216 on the south and from Brownell Road, a town road, on the north. In the month of May, 1961 the State appropriated two parcels of vacant land, in the northeasterly section of claimant's land consisting of 14.245 acres, for the improvement of Route 55. In improving Route 55 this highway was relocated a considerable distance west of its original location. In its new location it bisected Brownell Road, thereby requiring the construction of a new intersection where the two roads intersected. The Court of Claims determined that the highest and best use of the parcel before the appropriation was for the purpose of an organization's wilderness campsite, and that the highest and best use after the appropriation was the same except for a 96 more or less acre strip along the new highway, where the best use was determined to be for a potential residential subdivision in accordance with the zoning. The court found the direct damages as the result of the taking to be $4,275. The amount of direct damages is not disputed on this appeal. The State, however, questions the award of $26,800 for consequential damages which consists of $15,000 to correct the usability of the access road; $2,200 by reason of the severance of a 20.5 more or less acre parcel, and of a 1.75-acre parcel which now lies on the easterly side of

Route 55, and $9,600 attributable to the diminution in value of the 96 more or less acre strip along the new highway. The State contends that the court was in error in awarding damages to correct a condition created by the design and construction of an intersection of two public roads. The claimant contends that prior to the appropriation, the intersection of Route 55 and Brownell Road was satisfactory, but that after the appropriation and construction of Route 55, the new intersection of the two roads presents a danger due to lack of visibility which requires the elimination of the rock walls through which the road was cut and which obstruct vision at the intersection at considerable cost to the claimant. The record and exhibits clearly indicate that the access from the claimant's property to Brownell Road remained the same after the appropriation as it was prior to the appropriation. The damages awarded do not then result from a change of access to the property, but solely from a change in the intersection of two public roads at a point which is a substantial distance east of the claimant's access road to Brownell Road, and are in effect damages awarded to correct a reduction of sight distance at the intersection of two public roads. In our opinion such damages may not properly be awarded. (See *Matter of International Ry. Co.* v. *State of New York,* 260 N. Y. 630.) The test to be applied is whether claimant was left with a suitable means of access. (*Holmes* v. *State of New York,* 279 App. Div. 489.) Factually, the claimant's access remained the same as it existed before the appropriation. Essentially, the award of damages for the cost of eliminating the rock walls is not traceable directly to the partial appropriation of claimant's land, but is attributable to the overall design of the intersection. An award based on this factor may not be sustained. (*McHale* v. *State of New York,* 278 App. Div. 886, affd. 304 N. Y. 674.) Assuming such an award might properly be made, the award should not be upheld for the reason that it is founded upon the unsupported opinions of the claimant's real estate experts who were not shown to have any qualifications in the field of engineering or traffic safety, nor in the construction or excavation business. There is also no evidence in the record of the amount of rock to be excavated, nor of the cost per yard of such excavation. Their opinions, therefore, have no probative force. (*Matter of Semple School for Girls* v. *Boyland,* 308 N. Y. 382.) We have considered the other contentions of the State with regard to the award of consequential damages with regard to diminution in value of the remaining lands of the claimant and find that the awards of consequential damages for diminution in value are substantially supported by the record. The award for damages should, therefore, be reduced by the sum of $15,000, the amount awarded as consequential damages to correct the usability of the access road. Judgment modified, on the law and the facts, so as to reduce the award to $16,075, together with appropriate interest, and, as so modified, affirmed, without costs. Herlihy, J. P., Reynolds Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Staley, Jr., J.