■    STROHSAHL'S, INC., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 48777.) — Appeal from a judgment in favor of the claimant, entered August 14, 1970, upon a decision of the Court of Claims. New York State Route 17, known as the Quickway, and the Scotchtown Road intersect in Orange County at approximately right angles with the Quickway running generally north and south and Scotchtown Road running generally east and west. In 1966, the claimant purchased 91.8 acres of land located on three corners of this intersection for $95,000. The three parcels, respectively A, B and C in this action, were located on the northwest corner, the southeast corner and the southwest corner of the intersection. All fronted on Scotchtown Road and the Quickway, but none had access to the Quickway. In 1967, for purposes of eliminating the grade crossing, the State appropriated 3.201 acres from Parcel A at the northwest corner of the intersection and built a ramp parallel to Scotchtown Road to bridge the Quickway and carry traffic over it. Scotchtown Road was closed at the right of way line of the Quickway so that each parcel continued to front on Scotchtown Road except Parcel A. The Court of Claims has awarded claimants $41,000 in damages, $6,400 for direct damages to Parcel A, $17,316 as consequential damages to Parcel A and $17,284 as consequential damages to Parcel B. It did not find any compensable damage to Parcel C and claimant has not appealed that decision. The primary question for decision is the proper amount of damages for Parcel A. For reasons stated hereafter, we find no basis for the award of consequential damages to Parcel B. Before the appropriation, Parcel A consisted of 36.56 acres of land, generally level, with approximately 700 feet of frontage on Scotchtown Road. A sewer line had been installed by claimant at its own expense along Scotchtown Road. The entire property was usable and planned for residential development. There was a two-story wood frame building with out-buildings located on the land. After the appropriation, a ramp was built extending east and west across the entire frontage from a low 3.6 feet above grade at the west property line to a high point 19 feet above grade at the east property line. Access can be made to Parcel A only from the ramp and only after additional grading. The house and out-buildings remained but were located on a small parcel of 1.85 acres located between the ramp and Scotchtown Road and separated from the remainder by the ramp. Its leaching field was in the appropriated parcel. The change in grade, the division of the property by the ramp into two separate areas, the loss of sewer service and the change in access all undoubtedly resulted in diminished utility of this land for residential purposes and entitle claimant to consequential damages. The parties have concentrated their energies on the question of the suitability of the access which remained after the taking. This is a factual question (*Holmes* v. *State of New York,* 279 App. Div. 489). There can be little doubt that there was no reasonable or suitable means of entry to the land left after this appropriation. (*Taylor* v. *State of New York,* 32 A D 2d 884; *Lundquist* v. *State of New York,* 33 A D 2d 950.) While much of the testimony dealt with the circuitous routing necessary to reach the property because of the closing of the intersection at the Quickway and the trial court mentioned this factor in its decision, it clearly based its determination of consequential damages

on the unsuitability of the access and the diminution in the value of the remaining residential tract after the taking. The same problem of circuity existed with respect to Parcel C and the court quite correctly denied recovery to claimants as to that parcel. All parties agreed the highest and best use of the property before and after taking was residential. The claimant's appraiser indicated that the before value of Parcel A was $91,400 ($2,500/acre) and the after value was $66,718 ($2,000/acre). Of the $24,780 total damages, he apportioned $8,000 to direct damages (3.201 acres) and the remaining $16,700 to consequential damage. The State's appraiser indicated that the before value of Parcel A was $44,116 (35.56 acres at $1,100/acre plus a residence and one acre at $5,000). He found that "severance damage has been caused to the subject property by the appropriation and the tremendous grade change of the relocated road over the old land grade", and concluded that five acres of the parcel adjacent to the elevated ramp had diminished in value. The after value was set at $36,914 (26.74 acres at $1,100/acre, 5 acres at $500/acre and the residential site at $5,000). The appraisals established a range of expert opinion and the evaluation by the court between the two extremes was proper. (*Sapia* v. *State of New York*, 33 A D 2d 821; *A. E. Ottaviano, Inc.* v. *State of New York*, 26 A D 2d 844.) It found the before value of 35.56 acres to be $73,120 ($2,000/ acre) and the after value of 33.359 acres to be $50,038 ($1,500/acre) with $6,400 allocated to direct damages. It found total damages of $23,082 resulting in consequential damages of $16,682. (The trial court's award was $23,716 because of an error in computation.) We accept this as a fair determination of damages to Parcel A. Claimant is not entitled to consequential damages with respect to Parcel B. The property taken by the State was contained entirely within Parcel A. Where claimant owns separate parcels of land and a taking by the State does not directly affect one of the parcels, there can be no consequential damages to such parcel unless there is unity or conjunctivity of use with the parcel directly affected. (*Homer* v. *State of New York*, 36 A D 2d 333; *Jacoby* v. *State of New York*, 26 A D 2d 724.) Parcel A was planned for residential development and Parcel B for industrial development. The parcels were separated by two highways, Scotchtown Road and the Quickway. (Cf. 4A Nichols, Eminent Domain [3d ed.], § 14.31 [1], pp. 14–393, 14–411.) There was no unity of use between them. (*Idylbrook Farms* v. *State of New York*, 49 Misc 2d 10, affd. 22 A D 2d 761.) Furthermore, claimant is not entitled to consequential damages on any independent basis. The State here merely altered a roadway which passed in front of claimant's property. The trial court found the access to Parcel B was impaired by the ramp nearby, but governmental acts which do not directly encroach upon private property, though their consequences may impair its use, do not entitle the owner of such property to damages. (*Bopp* v. *State of New York*, 19 N Y 2d 368, 372; *Cities Serv. Oil Co.* v. *City of New York*, 5 N Y 2d 110, 117.) Judgment modified, on the law and the facts, by reducing the award to $23,082 with interest, $6,400 being direct damages and $16,682 being consequential damages, and, as so modified, affirmed, without costs. Reynolds, J. P., Greenblott, Cooke, Sweeney and Simons, JJ., concur.