LAWRENCE LABRIOLA, Appellant-Respondent, *v.* STATE OF NEW YORK, Respondent-Appellant. (Claim Nos. 48849 and 49472.)

Third Department, January 24, 1974.

*Koback & Chase (Julius Sackman* of counsel), for appellant-respondent.

*Louis J. Lefkowitz, Attorney-General (Henderson G. Riggs, Ruth Kessler Toch* and *Emil Woldar* of counsel), for respondent-appellant.

Kane, J. These are cross appeals from a judgment in favor of claimant, entered January 20, 1971, upon a decision of the Court of Claims.

Claimant was the owner of 23.565 acres of land on the north side of Route 22 in the Town of North Castle, Westchester County. This property, divided into three differently zoned areas, had an 1,100-foot frontage along Route 22 and was zoned for use as a roadside business (R-B zone) along the road up to a depth of 300 feet. This first area consisted of about 7.5 acres. A middle segment of about 13 acres was zoned for light industrial park uses (RELIP zone) and the rear-most 3.633 acres were residentially zoned. While claimant conducted a nursery business along a portion of the property fronting Route 22 in the R-B zone, the remainder of his property was undeveloped.

On May 16, 1967, in connection with the reconstruction and relocation of Route 22, the State appropriated, in fee, two small parcels of land totaling .303 acre from the southeast and southwest corners of that portion of the property which fronted Route 22, together with a temporary easement over a small

parcel thereof. The State also appropriated part of the bed of Route 22 in front of claimant's land to eliminate his right of access to this portion of old Route 22, with the over-all result that claimant's roadside frontage was reduced from 1,100 to 165 feet. After the reconstruction, a new Route 22 ran parallel to claimant's property, but about 150 feet south of it. A fence was erected between his property and the road-bed of old Route 22. A ramp was constructed between the new road and that portion of the old road still adjoining claimant's property (providing access between the two road-ways), and the unused segment of the roadbed of old Route 22 was completely removed.

Claimant seeks damages for the fee takings, the taking of certain buildings and improvements, the temporary easement, and consequential damages for loss of access to old Route 22. At the trial, although the experts for both parties differed in their dollar valuations, they both agreed that, as a result of the takings, the highest and best use of the former R-B zone had been reduced to RELIP usage because of the loss of frontage along old Route 22. No change in highest and best use was found in the remainder of the property.

The Court of Claims found a value of $50,000 per acre for the R-B zoned property prior to the taking, well within the range of testimony, and made an award accordingly for the fee taking. It found the value of the improvements taken to be $19,500 and the temporary easement $200. It also assigned $6,815 as the cost to cure the ramp, which had been improperly designed, but disallowed any consequential damages for the reduction in highest and best use of the former R-B zone. The court determined that the change in highest and best use was a result of the diversion of traffic from in front of claimant's premises, rather than a resulting unsuitable access because of the relocation and appropriation, citing *Bopp* v. *State of New York* (19 N Y 2d 368).

It is well established that a property owner has no vested right to have traffic pass in front of his property and is not entitled to damages for diversion of traffic due to reconstruction of a highway and impairment of remaining access to his property (*Bopp* v. *State of New York, supra*; *Selig* v. *State of New York,* 10 N Y 2d 34). However, where there is not only a diversion of traffic but an elimination of normal access so as to render the property entirely unsuitable for its former highest and best use, consequential damages can be awarded (*Priestly* v. *State of New York,* 23 N Y 2d 152). In such

instances, the remaining access may be characterized as both "circuitous" and "unsuitable" and still sustain an award for consequential damages, as these characteristics can exist simultaneously. They are not mutually exclusive (*Priestly v. State of New York, supra*). It should be noted, and most significantly in this case, that the relevant standard for the award of consequential damages in this factual situation is the suitability of access to the remaining property based upon its highest and best use *prior* to the appropriation (*Lundquist v. State of New York*, 33 A D 2d 950). Applying this standard to the case at bar, we find that the change in highest and best use of claimant's property was not occasioned by the diversion of traffic, but rather by the remaining access being rendered unsuitable to the property's prior highest and best use. Accordingly, consequential damages should have been awarded.

The court fixed the before value of the roadside property at $50,000 per acre and made an award for the direct taking accordingly. After the relocation and reconstruction of Route 22, the remaining R-B zoned property suffered a reduction in its highest and best use to RELIP usage. Thus, there is the necessary quantum of proof in this record for the court to determine the proper award for consequential damages. Claimant's appraiser's testimony of after value of the RELIP property was $17,500 per acre. Since this is higher than the value testified to by the State's appraiser, there can be no objection to claimant's after value. Therefore, consequential damages can be computed as follows:

> *Before Value:*
>> 7.262 acres (7.565 acres of R-B land
>> less .303 acre taken in fee)
>> at $50,000 per acre.............. $363,100
>
> *After Value:*
>> 7.262 acres at $17,500 per acre...... 127,085
>
> _____
>
> *Consequential Damages:*............. $236,015

We find no reason to disturb the court's findings as to other items of damages and the judgment should be modified to include the award of consequential damages.

The judgment should be modified, on the law and the facts, by increasing the award to $277,680 plus appropriate interest, and, as so modified, affirmed, without costs.

GREENBLOTT, J. (dissenting in part). Although I agree with the conclusion of the majority that claimant is entitled to an award

of consequential damages, I fear that we unwisely usurp the function of the trial court by taking it upon ourselves to increase the award in an amount as large as $236,015, almost six times the award of the trial court for direct damages. It is now too well settled to require citation of authority that while an award based on values within the range of testimony will not be disturbed if legal error has not been committed, it is equally true that the trier of the facts may find values outside the range of testimony if such a finding is satisfactorily explained. I do not wish to suggest that such an approach would have been required here, but the decision of the majority effectively deprives the trial court of that prerogative. It is worthy of note that the State's appraiser posited a before value of $22,500, but the trial court found that an error in his calculations required a revision of the appraiser's before value to $45,000, or twice the amount testified to. While the found before value of $50,000 was not thereby removed from the range of testimony, this court should not overlook the possibility, in view of the apparent sizable differences between before and after values, that different after values than those posited in the appraisals might have been found. I would remit the matter to the trial court for appropriate findings.

HERLIHY, P. J., COOKE and MAIN, JJ., concur with KANE, J.; GREENBLOTT, J., dissents in part and votes to remit for appropriate findings.

Judgment modified, on the law and the facts, by increasing the award to $277,680 plus appropriate interest, and, as so modified, affirmed, without costs.