Gabrielli, J. (dissenting).
The issue dividing this court is simply stated. Is a landowner entitled to consequential damages where a portion of his land is taken for highway purposes and there is also an elimination of normal access to the remainder of his property which, as conceded by the State in this case and found by the courts below, renders the remainder of claimant’s land entirely unsuitable for its former highest and best use? We hold that in these circumstances and upon the facts of this case, the claimant is entitled to be compensated for the loss occasioned as a result of State action.
Prior to the appropriation for purposes of relocating New York State Highway Route 22 in the Armonk section of the Town of North Castle in Westchester County, claimant’s property fronted on Route 22 for a distance of 1,100 feet and this entire frontage, for a depth of 300 feet, had been zoned R B for some period of time. This zoning designation permitted its use for "roadside business” and was available for use as stores, shops, banks, professional offices, restaurants and for residential homes. No issue is created as to the before-taking value of this land, found by the Court of Claims to be $50,000 per acre. For the direct taking of a portion of the frontage, the court fixed damages on this very valuation, and the State does not appeal from that award.
It is also conceded that as a result of the elimination of the highway frontage and the direct taking by the State, the highest and best use of the remaining land was altered and useful only for light industrial use. In fact, the town, following *336 the appropriation, rezoned the property for this limited purpose. It is to be noted that both appraisers for the claimant and the State concluded that the former highest and best use of the frontage property had been destroyed and diminished to a consequentially lower industrial use, and the courts below so found. Following the appropriation of claimant’s land and complete removal of the old roadbed and relocation of Route 22, the State built a chain link fence along all of claimant’s 1,100 feet of highway frontage, save the east 165 feet thereof, thus effectively eliminating claimant’s prior right of access from his property to Route 22 and, as a further consequence, the destruction of his roadside nursery business.
We agree with the Appellate Division in its holding that although "a property owner has no vested right to have traffic pass in front of his property and is not entitled to damages for diversion of traffic due to reconstruction of a highway and impairment of remaining access to his property (Bopp v State of New York [19 NY2d 368]; Selig v State of New York, 10 NY2d 34)” he is nonetheless entitled, under the authority of Priestly v State of New York (23 NY2d 152), to consequential damages "where there is not only a diversion of traffic but an elimination of normal access so as to render the property entirely unsuitable for its former highest and best use” (43 AD2d 295, 297).
In assessing the correctness of the order appealed from, and sustaining that determination, we first examine Selig v State of New York (10 NY2d 34, supra). Claimant, the owner of an apartment house fronting on Central Park Avenue in Yonkers, a street which, in part, became a portion of the New York State Thruway thus eliminating direct access therefrom, sought damages for the interference with the prior ingress and egress. The record revealed that there were "cross over” streets a few blocks away and enunciated the rule that damages would not be allowed for the inconvenience resulting from the impaired access to the highway. Other cases in accord include Northern Lights Shopping Center v State of New York (20 AD2d 415, 420, 421, affd 15 NY2d 688, cert den 382 US 826) and National Biscuit Co. v State of New York (14 AD2d 729, affd 11 NY2d 743, cert den 370 US 924); Nettleton Co. v State of New York (11 AD2d 899) and Crear v State of New York (2 AD2d 735). Crear had an interesting fact pattern. Claimant operated a grocery store fronting on a road which was relocated. To that extent only, it is similar to the *337 case before us now. However, the store was still accessible by means of the old road which had become a branch of the new road although the old road terminated in a dead end immediately beyond claimant’s property. In rejecting an award for consequential damages, the court stated, in part, that "[t]o grant an award in this case would require an extension of the Holmes case [Holmes v State of New York, 279 App Div 489] to include mere inconvenience of access which the court specifically held to be insufficient as the basis of a claim in that case”. Crear was decided prior to Selig and clearly shows that Selig made no new departure in the law. In Holmes a railroad crossing elimination completely cut off one primary mode of access to claimant’s feed mill. Although "access of a sort” was left from another direction, the court reversed the Court of Claims’ denial of recovery and stated: "It is true that either the State or a municipality may close a street, if acting under proper statutory authority, but a suitable means of access must be left to an abutting owner or else he is entitled to compensation [citation]. What may be a suitable means of access is of course a question of fact” (279 App Div 489, 491). Several Court of Claims cases have followed Holmes or have been in accord (Corbisello v State of New York, 17 Misc 2d 290; Meloon Bronze Foundry v State of New York, 18 Misc 2d 403; Wynes v State of New York, 37 Misc 2d 710), the last of those having been decided since Selig.
The point is that even though the litany is usually recited that "mere inconvenience does not stamp a means of access unsuitable”, there is a considerable body of law, as reflected in the cases above cited, which holds that unsuitable access is compensable and that suitability is a question of fact. There is no inconsistency between the Holmes line of cases on the one hand and Crear and Selig on the other. It is simply that the fact question turned one way in one line, and the opposite way in the other.
Since the access remaining following the action by the State is totally unsuitable for thé prior use of all or substantially all of the land behind the fence, consequential damages should be awarded for the reduction in value of that area (Priestly v State of New York, 23 NY2d 152, supra; Columbus Holding Corp. v State of New York, 36 AD2d 674).
The question of suitability, is purely factual and directly related to the highest and best use of the property (Cousin v State of New York, 42 AD2d 1016, 1017; King v State of New *338 York, 29 AD2d 604). The fact of unsuitability is not denied by the State, and the Appellate Division in the instant case, using this established test, found as a fact matter, "that the change in highest and best use of claimant’s property was not occasioned by the diversion of traffic, but rather by the remaining access being rendered unsuitable to the property’s prior highest and best use.” The means for approaching the property (and its use, of course) following the State action was, in the opinion of the appraisers and experts for both the claimant and the State, inadequate for its prior highest and best use upon which the Appellate Division’s finding is adequately and firmly founded.
We are thus unable to agree with the conclusion reached by the majority that the reduction in highest and best use "was caused not by loss of suitable access but by the loss of abutment on a highway and its profitable traffic”. The conclusion they reach turns on the difference between relocation of a highway without actual taking of a claimant’s frontage, on the one hand, and actual taking of some frontage on the other, which concededly is precisely what occurred here. In these circumstances, therefore, it remains that when highest and best use of the property is lowered by State action with respect to access, then the owner should be recompensed.
In this case the original R B use was due to the fact that the highway fronted it for a length of 941 feet. That longitudinal access was essential to such R B use by definition. It was the removal of this access which directly devalued claimant’s property even though little of this property was actually taken. The construction of a spur road into one end of this length of former frontage could in no way revive the former R B use which depended on longitudinal frontage. It was not solely the diversion of traffic which caused the devaluation; it was the removal of access and failure to afford some other kind of access which could adequately serve the R B use which caused the devaluation. Had the State not ripped up old Route 22 in front of the property and had it not erected the fence, it is conceivable that claimant could have utilized this property for R B purposes.
In Bopp (19 NY2d 368, supra) the situation was quite different. To service its single location restaurant the Bopps needed but one channel into the property from the highway. This business use did not depend upon lengthy road frontage as a means of access. After the highway relocation the access *339 was in no way changed. It entered upon the old road as it always had done. In that case the damage suffered was clearly due solely to the diversion of traffic. In the instant case, however, the access necessary to the property’s highest and best use was destroyed. It is concluded that it was this that directly devalued the land; and it is also conceded that the new access which was furnished could in no way restore the former use. It seems clear then, as a fact matter, that claimant was left with unsuitable access as found by the Appellate Division.
It is urged that in Priestly v State of New York (23 NY2d 152, supra), the loss of access was tied in with some actual taking. This creates no difference in our conclusion. In fact, our conclusion is bolstered thereby and we think the holding in that case is controlling. If it remains that highest and best use is lowered by direct State action with respect to access, the owner is entitled to damages. This case falls into the Holmes (279 App Div 489, supra) rather than the Crear (2 AD2d 735, supra), Selig (10 NY2d 34, supra) and Bopp (19 NY2d 368, supra) line of cases in none of which was the necessary and suitable access the very frontage itself. A denial of consequential damages in this case results in an unconstitutional deprivation of claimant’s property.
The order of the Appellate Division should be affirmed.
Judges Jasen, Jones and Fuchsberg concur with Chief Judge Breitel; Judge Gabrielli dissents and votes to affirm in a separate opinion in which Judge Wachtler concurs; Judge Cooke taking no part.
Order reversed, etc.