■ ROBERT C. RANDALL, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 61390.)—Appeal from an order of the Court of Claims, entered April 24, 1978, which, *inter alia,* dismissed claimant's claim. Claimant is the owner of property in the Town of Fenton, Broome County, which abuts upon the south side of a service road which runs parallel to Route 7 and upon which claimant operates a truck and auto sales business and maintains his residence. Prior to October 4, 1976, the service road was open to two-way traffic and provided access to Route 7, which is a four-lane highway with two eastbound and two westbound lanes separated by a median. On the afore-mentioned date, pursuant to an order of the Department of Transportation (DOT) designating the service road as a one-way street, the State placed "Do Not Enter" signs at the eastern entrance to said road, thereby changing the traffic plan to a single direction in front of claimant's property. As a result, westbound traffic could no longer enter the service road from the east, but, necessarily, had to proceed past claimant's property on Route 7 a distance of 178 feet, turn and enter the western entrance of the service road. In sum, westbound traffic had to travel a slightly circuitous route to reach the subject property. An article 78 proceeding to review the DOT order was dismissed by Special Term, Supreme Court, without prejudice to the filing of a claim for damages in the Court of Claims. No appeal was taken from that order of dismissal. Thereafter, a claim was filed "for the appropriation and taking of claimant's access". The State moved to dismiss the claim (CPLR 3211, subd [a], par 7). Claimant cross-moved for summary judgment (CPLR 3212) and the trial court, after determining that the essential facts were not in dispute, elected to treat the State's motion as one for summary judgment (CPLR 3211, subd [c]), denied claimant's cross motion and dismissed the claim. This appeal ensued. There must be an affirmance. Where, as here, the claim fails to state any facts which would constitute a *de facto* taking and there is no entry by the State upon claimant's property, there can be no consequential damages sustained by an abutting property owner resulting from State action to regulate and control public highways for the benefit of the traveling public. The regulation of patterns of vehicular traffic over State highways is a proper exercise of governmental power and cannot be construed as a "taking" or serve as a predicate for a cause of action *(Cities Serv. Oil Co. v City of New York,* 5 NY2d 110). Traffic regulations adopted by the State agency delegated to discharge that duty may cause inconvenience to owners of lands abutting the controlled highways, but, where, as here, the regulations do not encroach upon private property or destroy suitability of access *(Priestly v State of New York,* 23 NY2d 152), any loss to such owner is *damnum absque*

*injuria* and is not compensable *(Bopp v State of New York,* 19 NY2d 368; *Cities Serv. Oil Co. v City of New York, supra; Strohsahl's Inc. v State of New York,* 37 AD2d 1017, affd 32 NY2d 870). Order affirmed, without costs. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.