■ 224 TROUP REALTY, INC., Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 62777.) — Judgment unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance with the following memorandum: In this case, in which a narrow 1,309± square foot strip of claimant's commercial land abutting the west side of West Henrietta Road at the intersection of Flatt Road in the Town of Henrietta, New York was appropri-

ated to eliminate a railroad grade crossing, the State appeals from that portion of the judgment which awarded $14,169.50 as consequential damages. The Court of Claims accepted the opinion of claimant's appraiser that the land remaining after the appropriation had a diminished commercial-type use which was attributed to a combination of three factors: (1) a change in grade which altered the suitability of access; (2) a decrease of visibility to passing northbound motorists; and (3) a 12% loss of frontage. The court found that the after value of a portion of the premises had been diminished by 50 cents per square foot. The award of consequential damages cannnot be justified on the theory that the taking caused a reduction in grade which rendered access unsuitable to its highest and best use. The change in grade was *de minimis,* and there is no evidence in the record that access was altered by the appropriation. Nor may loss of visibility of the property to passing motorists provide a basis for awarding consequential damages (see *Acme Theatres v State of New York,* 26 NY2d 385, 390). Finally, consequential damages may not be awarded for a loss of frontage unless suitability of access is affected (see *La Briola v State of New York,* 36 NY2d 328; *Bopp v State of New York,* 19 NY2d 368). The appropriation did not change the highest and best use of the property and the judgment should be modified to eliminate the award of consequential damages. Claimant's reliance on our affirmance without opinion of an award of consequential damages to the owner of a car wash on adjoining property to the south of the subject parcel is misplaced (*Farash v State of New York,* 77 AD2d 819). There the evidence amply supported the finding of the Court of Claims that the appropriation reduced the highest and best use of the property. to a less intensive commercial use because the highway elevation was depressed an average of five to six feet below the grade of the land and this change in grade, when coupled with the use and location of the improvements on the site, left the remaining access unsuitable for the highest and best use of the property as a car wash. (Appeal from judgment of Court of Claims, Quigley, J. — appropriation.) Present — Dillon, P. J., Simons, Doerr, Moule and Schnepp, JJ.